UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KAREEM ALVAREZ,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN DOE SUPERVISORS
##1-4 JOHN DOE POLICE OFFICERS ##1-10,

                                       Defendants.

------------------------------------------------------------------- x

COMPLAINT AND
JURY DEMAND

Docket No.

ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights.

2. The claim arises from a May 2, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful entry into his home and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

1

6.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.  Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8.  Plaintiff resided at all times here relevant in Queens County, City and State of New York.

9.  The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. John Doe Police Officers were, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. John Doe Police Officers are sued in their official and individual capacity.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On May 2, 2013, at approximately 11:00 p.m., plaintiff was driving home and parked legally near his residence located at 29 Cook Street, Brooklyn, NY. After he parked, he was approached by two plain clothes police officers (John Doe Police Officers ##1-2) who asked if the car was his. He said he was renting it and showed the rental agreement with his name on it.

13. Defendant John Doe ##1 and 2 patted plaintiff down and searched the inside of the car and the trunk without his consent, claiming they were "searching for guns". They found nothing.

14. They demanded to know where he lived and plaintiff reluctantly told them that he lived in Apartment C2 at 29 Cook street. They then escorted plaintiff towards his apartment. As he arrived at his apartment, plaintiff was surrounded by 8-10 police officers. The officers demanded to be let in or they would "take him downtown". Plaintiff explained that he had an early plane to catch and the defendants responded he would not make his flight if they took him downtown and again demanded to be let in.

15. With the defendants in possession of his keys, being surrounded by so many police officers and under threat of arrest, he was coerced into letting them into his apartment.

16. The defendant officers searched the home for approsimately one hour. Plaintiff was forced to sit in a chair surrounded by four officers. They took his phone away from him, and one of them even used the phone in his presence.

17. The defendant officers then left the home without arresting plaintiff and without apologizing.

18. Some days later, plaintiff's roommate, who was not at home at the time of the search, kicked plaintiff out of the apartment because of the defendants' illegal search of the home.

19. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

20. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

21. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his home and person;

    b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, harassment, emotional distress, frustration, extreme inconvenience, anxiety; and

e.       Loss of liberty.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983
## False Imprisonment

22. The above paragraphs are here incorporated by reference.

23. The officer defendants wrongfully and illegally detained and imprisoned plaintiff.

24. The wrongful, unjustifiable, and unlawful apprehension, detentions, and imprisonment of plaintiff were carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

25. At all relevant times, defendants acted forcibly in apprehending, detaining, and imprisoning plaintiff.

26. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held against his will, deprived of his liberty, and imprisoned.

27. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff were without basis and without probable cause or reasonable suspicion.

28. All of this occurred without any illegal conduct by plaintiff.

29. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

30. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

**SECOND CAUSE OF ACTION**
42 U.S.C. §1983
Unlawful Entry of Home
(Against Officer Defendants)

31. The above paragraphs are here incorporated by reference.

32. By unlawfully and coercively entering the home of plaintiff and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

33. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

34. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

35. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### THIRD CAUSE OF ACTION
### 42 U.S.C. §1983
### Unlawful Entry of Home
### (Against Officer Defendants)

36. The above paragraphs are here incorporated by reference.

37. By unlawfully searching the car plaintiff was legally in possession of, and searching his person, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

38. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

39. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

40. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants

acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

41. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

FOURTH CAUSE OF ACTION
42 U.S.C. §1983
(MUNICIPAL AND SUPERVISORY LIABILITY AGAINST THE CITY AND JOHN DOE SUPERVISORS)

42. The above paragraphs are here incorporated by reference.

43. The City and John Doe Supervisors are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

44. The City, and John Doe Supervisors knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

45. The aforesaid event was not an isolated incident. The City and John Doe Supervisors have been aware for some time (from lawsuits, criminal trials of police officers, and notices of claim, media coverage and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the reasonable suspicion or probable cause basis to arrest or detain a person. Further, the City and John Doe Supervisors are aware that many of their police officers are insufficiently trained on the circumstances under which they can enter a home, especially about the notion of "consent".

46. For example, in the criminal case against narcotics officer Jason Arbeeny, who was convicted of planting drugs and falsifying arrest reports, the Kings County trial

judge noted that NYPD "had a widespread culture of corruption endemic in its drug units". He further noted the "cowboy culture" in narcotics units and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

47. In addition, the City knows from the same sources that supervising officers, including but not limited to the John Doe Supervisors have instituted arrest quotas that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest.

48. The City and the John Doe Supervisors fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City and John Doe Supervisors have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City John Doe Supervisors have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

49. The City and John Doe Supervisors knew or should have known that the

officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe failed to take corrective action.

50. The City and John Doe Supervisors have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

51. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

52. Defendants the City and John Doe Supervisors have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

53. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and John Doe Supervisors.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 28, 2015
Brooklyn, New York

Respectfully yours,

*[signature]*

TO: City of New York

By: Leo Glickman
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
(718) 852-3586
lglickman@stollglickman.com